**Not For Publication in West's Federal Reporter
Citation Limited Pursuant to 1st Cir. Loc. R. 32.3**

# United States Court of Appeals
## For the First Circuit

---

No. 05-2031

UNITED STATES OF AMERICA,

Appellee,

v.

LOUIS SEGALLA,

Defendant, Appellant.

---

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

[Hon. Mary M. Lisi, U.S. District Judge]

---

Before

Torruella, Lynch and Howard,
Circuit Judges.

---

Robert M. Greenspan on brief for appellant.
Donald C. Lockhart, Assistant United States Attorney, Lee H. Vilker, Assistant United States Attorney, and Robert Clark Corrente, United States Attorney, on brief for appellee.

---

September 6, 2006

---

**Per Curiam**.  After pleading guilty to being a felon in possession of a gun, in violation of 18 U.S.C. § 922(g)(1), and after admitting that the offense involved shooting the gun in a residential area to scare someone, defendant Louis Segalla was sentenced to 120 months' imprisonment, the statutory maximum, which fell in the middle of the advisory guidelines range.[1]  In the district court, Segalla sought a below-guidelines sentence of 72 months, under United States v. Booker, 543 U.S. 220 (2005), primarily on the ground that he had been physically abused as a child.  On appeal, he argues, in addition, that the 120-month sentence imposed was unreasonable in light of the nature of the offense, which he characterizes as relatively minor, that the sentence is longer than necessary to deal with his admitted need for rehabilitation, and that his criminal history category overstates the seriousness of his criminal record.  Finally, he argues that United States v. Jiménez-Beltre, 440 F.3d 514 (1st Cir. 2006) (en banc), which articulated the sentencing protocols to be followed by the district courts in this circuit and the standards

---

[1]That range, which was ultimately undisputed in the district court and is not challenged on appeal, was computed as follows: total offense level of 25 (base offense level of 24, U.S.S.G. § 2K2.1(a)(2); plus 4 levels for possessing the gun in connection with another felony offense--i.e., assault with a dangerous weapon, id. § 2K2.1(b)(5); minus 3 levels for acceptance of responsibility, id. § 3E1.1(a) & (b)), combined with a criminal history category of VI (27 criminal history points, id., ch. 5, pt. A (Sentencing Table)), resulting in a guidelines sentencing range of 110 to 137 months, id.

of appellate review of sentences post-Booker, was wrongly decided.[2] For the reasons detailed below, we find the sentence to be adequately explained and substantively reasonable in light of the factors set forth in 18 U.S.C. § 3553(a). Accordingly, we reject Segalla's arguments to the contrary and affirm the sentence.

The district judge expressly took into account each of the mitigating factors that defense counsel brought to her attention but found them unpersuasive or outweighed by other legitimate considerations. As to Segalla's history of child abuse, the judge stated that, "although [she] was very familiar with the kind of childhood [he] had[,] [t]hat information . . . only goes so far. There comes a point in one's life where you have to take responsibility for your own actions." As to the nature of the offense, which involved riding a motorcycle while drunk and firing a gun in a residential area, the judge repeatedly commented on the danger that conduct posed to the public and to Segalla himself, which made it significantly more serious than the ordinary felon-in-possession case. As to Segalla's need for rehabilitation, the sentence imposed was expressly designed to address Segalla's recognized need for mental health and substance abuse treatment. Finally, as to Segalla's criminal history--which included several instances of violence, particularly against women, and resulted in

[2]As Segalla concedes, this panel is powerless to overrule the court's en banc opinion in Jiménez-Beltre. We therefore do not address his criticisms of that decision.

more than twice as many criminal history points as needed to place him in the highest criminal history category--the judge commented that Segalla's history makes him a "menace to society," and that, if her discretion were not limited by the statutory maximum, she would have imposed a higher sentence based on that factor alone. In addition, the judge expressly considered the statutory factors, including the need for punishment, deterrence, and public protection. See 18 U.S.C. § 3553(a)(d)(A), (B), (C).

In sum, because we find the court's reasoning to be plausible, and the resulting sentence, at least, defensible, Jiménez-Beltre, 440 F.3d at 519, we summarily affirm the sentence. See 1st Cir. R. 27(c).